Tdsi/ey, J.
This is a suit lo annul a receipt and satisfaction of judgment, and to reinstate as it stood originally on the records of the recorder, the mortgage held by the plaintiffs to secure their claim againsi *173 tlie defendants William Bagley, and to be authorized to prosecute their suit via e.vpcnlira, No. 816, entitled Railey & Campbell v. William Bagley et al.
'The ground for the annulment, etc., is that the plaintiffs’ counsel and attorney was never authorized by them to receive in payment and satisfaction of their mortgage claim anything but the legal currency of the United States, or its equivalent, and they say that they are in no wise bound or affected by the act of their said attorney, in receiving without their knowledge or consent, as satisfaction of their said claim, bonds or treasury notes of the so-called Confederate States.
The defendant Bagley maintains the validity of the payment, made by him to the plaintiffs’ attorney, and says that the said payment was made, to the said attorney upon a forced demand without combination or collusion.
The parish recorder, who is made a j)arty to the suit, answers that the special mortgage of the plaintiffs was by him, the recorder of mortgages, canceled and erased by virtue of and pursuant to the express order, command and authorization of the District Court of the parish of St. Tammany.
The facts of the case, regarding the payment made to the attorney, arc stated by himself in his examination on the trial. He says that ho does not know the plaintiffs personally. Ho received from the firm of Bailey k Campbell for collection the note in the suit No. 816, and the receipt of the witness on file shows the settlement made on the 22d April, 1863 ; payment was made in Confederate money—treasury notes, which arc on their face an obligation to pay a certain sum at a stated term. On his cross-examination, he says: “Atthe time the suit No. 816 was brought, Confederate notes were the only currency. The military authorities threatened parties with punishment who refused to take Confederate money. He considered he had full power to collect and settle tlio debt; he had several letters from the plaintiffs, but cannot find them now. He says that Bagley, at that time, was receiving Confederate notes for all debts duo him. On the 22d April, 1863, Confederate notes were received at par for notes and debts ; they were received as gold and silver by the officers of the Courts. ”
Dr. Oarradine, another witness, says that at that time, in April, 1S63, there was a great difference between specie and Confederate money, and between the latter and the notes of the New Orleans banks.
The principle is settled beyond controversy, that an attorney has no authority to release his client’s debtor without payment; and that any agreement to receive payment in anything but the legal curroncy of the United States will not, without the consent of his client, be binding upon the latter. See 3 Bob. 278; 2 An. 328; 9 A. 488, and authorities therein cited.
The attorney’s receipt, in the present case, is given in full satisfaction of the plaintiffs’ claim, without specifying in what manner payment was made to him.
This would have concluded the plaintiffs, had they not shown that the payment was not made in the legal currency of the United States, oy any *174 tiling legally equivalent to it, but in an issue deemed illegal, to wit: Confedérale treasury notes, without their knowledge and consent.
We are not called upon to say now what would have been the effect of a payment in that issue, had it been made to the plaintiffs themselves, but wo are all satisfied that it was entirely beyond the legal scope of the authority of an attorney-at-law to receive for his client anything but lawful money or its equivalent, -which is ordinarily taken as the representative of lawful money. Noland v. Rogers, 4 N. S. 146.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that judgment be and it is hereby rendered in favor of the plaintiffs and against the defendants.
It is further ordered, that the payment, acquittance and satisfaction of judgment acknowledged and recognized by the plaintiffs’ attorney, in the suit No. 816, in his receipt dated 22d April, 1868, be and the same are hereby declared illegal, void, and of no effect, and that the property described in the act of mortgage, referred to in the proceedings in said suit No. 816, of date 26 th March, 1860, to secure the note of two thousand dollars therein sued on, is still subject to the said mortgage therein recited; and that the cancellation or erasure by the recorder of mortgages in and for the parish of St. Tammany, of the said mortgage, on or about-the 20th August, 1863, is illegal and of no effect, and the said recorder is hereby ordered to annul the said erasure, and to restore the said mortgage to its proper legal inscription.
It is further ordered, that the plaintiffs be authorized to prosecute according to law their suit via exeeuliva, No. 816, entitled Railey & Campbell v. William Bagley, and to use such other legal remedies for the recovery of their said claim as they may deem necessary. It is further ordered, that the defendant pay the costs in both courts.